UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHELDON WILKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| VS. | § | |
| | § | |
| WILLIAM HUME, BRAZOS DIRT WORKS, | § | |
| BRAZOS DIRT WORK, BRAZOS DIRT, | § | |
| DARIAN SHIRLEY, INDIVIDUALLY AND | § | |
| DBA BRAZOS DIRT WORKS, BRAZOS | § | |
| DIRT WORK, AND BRAZOS DIRT, TARA | § | |
| SHIRLEY, INDIVIDUALLY AND DBA | § | |
| BRAZOS DIRT WORKS, BRAZOS DIRT | § | |
| WORK, AND BRAZOS DIRT, VANTAGE | § | |
| SERVICES, LLC, and, LONNIE HUME, | § | |
| | § | |
| Defendants. | § | |

## **COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Sheldon Wilks, Plaintiff, complaining of Defendants:

- William Hume,

- Brazos Dirt Works,

- Brazos Dirt Work,

- Brazos Dirt,

- Darian Shirley, individually and dba Brazos Dirt Works, Brazos Dirt Work, and Brazos Dirt,

- Tara Shirley, individually and dba Brazos Dirt Works, Brazos Dirt Work, and Brazos Dirt,

- Vantage Services LLC, and

- Lonnie Hume

and for cause of action would respectfully show unto the Court and Jury the following:

## I.
## WHY SUIT IS FILED IN THIS DIVISION

1. This suit arises out of a vehicular accident. Plaintiff files suit in the Fort Worth Division because all Defendants are reside in or are domiciled in this Division.

## II.
## PARTIES

2. Plaintiff is an individual and resident of Columbia, Mississippi.

3. Defendant William Hume is an individual who resides in Erath County, Texas. He can be served with process at 520 Dublin Ave, Stephenville TX 76401.

4. William Hume was driving the 1995 Red Peterbilt at the time of the accident. It will be referred to as the "Hume Peterbilt." William Hume will be referred to as "Defendant Driver."

5. Defendant Brazos Dirt Works is a proprietorship and is operating under an assumed name. Plaintiff sues Brazos Dirt Works in its assumed name. Its principle place of business is in Parker County, Texas. It can be served with process by serving its owner, Darian Shirley, at 111 Tin Top Estates Rd, Weatherford TX 76087.

6. Brazos Dirt Work is a proprietorship and is operating under an assumed name. Plaintiff sues Brazos Dirt Work in its assumed name. Its principle place of business is in Parker County, Texas. It can be served with process by serving its owner, Darian Shirley, at 111 Tin Top Estates Rd, Weatherford TX 76087.

7. Brazos Dirt is a proprietorship and is operating under an assumed name. Plaintiff sues Brazos Dirt in its assumed name. Its principle place of business is in Parker County, Texas. It can be served with process by serving its owner, Darian Shirley, at 111 Tin Top Estates Rd,

Weatherford TX 76087.

8.     Defendant Darian Shirley individually and dba Brazos Dirt Works and Brazos Dirt Work and Brazos Dirt resides in Parker County, Texas.  She can be served with process at 111 Tin Top Estates Rd, Weatherford TX 76087.

9.     Defendant Tara Shirley individually and dba Brazos Dirt Works and Brazos Dirt Work and Brazos Dirt resides in Parker County, Texas.  She can be served with process at 702 Eureka St Ste A, Weatherford, TX 76086-6519.

10.    Plaintiff alleges that Brazos Dirt Works, Brazos Dirt Work, Brazos Dirt, Darian Shirley individually and dba Brazos Dirt Works and Brazos Dirt Work and Brazos Dirt, and Tara Shirley individually and dba Brazos Dirt Works and Brazos Dirt Work and Brazos Dirt owned the Hume Peterbilt and employed the Defendant Driver.  Darian Shirley, Tara Shirley, Brazos Dirt Works, Brazos Dirt Work, and Brazos Dirt will collectively be referred to as "Brazos Dirt Works."

11.    Defendant Vantage Services LLC is a company existing under the laws of the State of Texas and is doing business in Texas.  Its principle place of business is 105 Meandering Way, Weatherford TX 76086.  Plaintiff requests two citations.  It may be served with citation through registered agent, Dian Fonseca, 2591 Dallas Pkwy Suite 300, Frisco TX, 75034.[1]  It can also be

---

[1] Congress enacted the Federal Motor Carrier Act to "promote efficiency in the motor carrier transportation system and to require fair and expeditious decisions when required." 49 U.S.C. § 13101(a)(2)(B). The Act compels motor carriers to designate "an agent in each State in which it operates." *Id.* § 13304(a). The United States Department of Transportation's regulations implementing that section require that motor carriers "shall make a designation for each State in which it is authorized to operate and for each State traversed during such operations." 49 CFR § 366.4T. A motor carrier can comply with that regulation by filing a "Blanket designation" and name a single agent/company for service of process.  That company, in turn, files with the FMCSA a list of process agents for each State.

Vantage Services LLC designated Transportation Authority, LLC as its blanket agent. Transportation Authority, LLC identified Dian Fonseca as the agent of service of process in Texas.

served through its registered agent United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX 78717.

12. Plaintiff, in the alternative, alleges that Vantage Services LLC owned the Hume Peterbilt and employed the Defendant Driver. It will be referred to as Vantage Services.

13. Lonnie Hume is the managing member of Vantage Services LLC. He is a relative of William Hume. Plaintiff sues him in his individual capacity. He resides in Parker County, Texas. He can be served with process at 106 Crest Ridge Ct, Weatherford, TX 76087.

14. Because it is unclear who owned the Hume Peterbilt and employed the Defendant Driver, Plaintiff, in the alternative, alleges that Lonnie Hume owned the Hume Peterbilt and employed the Defendant Driver. He will be referred to as Lonnie Hume.

15. Plaintiff alleges that Brazos Dirt Works, Vantage Services, and Lonnie Hume owned the Hume Peterbilt and employed the Defendant Driver. They will collectively be referred to as "Employer Defendants."[2]

## III.
## JURISDICTION

16. This court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332 because the parties are diverse.

    a. Plaintiff is an individual and is a citizen of Mississippi.

---

[2] The uncertainty about who is the proper party arises from a discrepancy in the accident report. It notes that Brazos Dirt Works is the common carrier with the DOT number 02289105. But that DOT number is associated with Vantage Services. Brazos Dirt Works DOT number is 2407443. Lonnie Hume is the managing member of Vantage Services and his family member, William Hume, was operating the Hume Peterbilt. As a result, there is a connection with William Hume and Vantage Services. The other issue is that similar assumed named certificates have been filed by the Shirley family.

Plaintiff only wants to have the proper parties in this suit. He will promptly non-suit his claims against any person or company that is not a proper party after receiving additional information.

    b. Defendant William Hume is an individual and is a citizen of Texas.

    c. Defendant Brazos Dirt Works is a proprietorship doing business under an assumed name. Its owners reside in and are citizens of Texas.

    d. Defendant Brazos Dirt Work is a proprietorship doing business under an assumed name.  Its owners reside in and are citizens of Texas.

    e. Defendant Brazos Dirt is a proprietorship doing business under an assumed name. Its owners reside in and are citizens of Texas.

    f. Defendant Darian Shirley is an individual and is a citizen of Texas.

    g. Defendant Tara Shirley is an individual and is a citizen of Texas.

    h. Defendant Vantage Services LLC is a Texas Limited Liability Company existing under the laws of the State of Texas.  Its principle place of business is at 105 Meandering Way, Weatherford TX 76086.

    i. Vantage Services LLC's sole member is a citizen of Texas.

    j. Defendant Lonnie Hume is an individual and is a citizen of Texas.

17. The amount in controversy that is at stake is well in excess of $75,000, not counting interest and costs of court, because Plaintiff suffered serious personal injuries in the accident, underwent a surgery and significant medical treatment, and was and remains in pain.

## IV.
## VENUE

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside or are domiciled in this District.

## V.
## FACTUAL BACKGROUND

19. This is a suit for negligence.  On November 27, 2018, the Defendant Driver was traveling westbound on IH 20 in Eastland County, Texas operating the Hume Peterbilt, which was owned by the Employer Defendants.  At the time of the collision, the Defendant Driver was in the course and scope of his employment with, or was the borrowed servant of, the Employer

Defendants.

20. At the time the accident sequence began, the Defendant Driver was distracted by his cell phone.

21. The Defendant Driver rear-ended the Toyota Sequoia that was traveling in front of him. That caused the Sequoia to run into the tractor trailer driven by Plaintiff. After the Defendant Driver ran into the Sequoia, he continued forward and also ran into Plaintiff's vehicle.

22. The Defendants' negligence proximately caused the accident and the personal injuries and damages suffered by Plaintiff.

23. Nothing Plaintiff did or failed to do caused the collision in question. Rather, it was the negligence of the Defendants, individually and collectively, which proximately caused the occurrence and Plaintiff's resulting injuries and damages.

## VI.
## CAUSE OF ACTION

**Negligence Against the Defendant Driver**

24. The Defendant Driver had common-law and statutory duties to use ordinary care in the operation of his vehicle. He negligently breached those duties and that negligence proximately caused Plaintiffs' injuries and damages. Specifically, Defendant was negligent in the following particulars:

   a. failing to keep a proper lookout;

   b. failing to control the speed of his vehicle;

   c. failing to timely and properly apply the brakes;

   d. failing to bring his vehicle to a stop before colliding with the Sequoia and the Plaintiff's vehicle;

   e. failing to turn to avoid the accident;

  f. using a cell phone at the time of the accident;

  g. operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

  h. being inattentive and failing to maintain proper control of his vehicle;

  i. operating his vehicle in a reckless manner;

  j. violating the Texas Transportation Code and the Federal Motor Carrier Safety Regulations;

  k. all other acts deemed negligent.

**Negligence Against the Employer Defendants –** *Respondeat Superior*

25. The Employer Defendants are legally responsible to Plaintiff for the negligent conduct of the Defendant Driver under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because the Defendant Driver was at all times material hereto an agent, ostensible agent, servant and/or employee of the Employer Defendants and was acting within the course and scope of such agency or employment.  As a result, the Employer Defendants are liable for the negligence of the Defendant Driver.

**Negligence Against the Employer Defendants – Hiring and Training**

26. The Employer Defendants were also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct and supervise the Defendant Driver.  The Employer Defendants failed to provide the proper training and instruction to the Defendant Driver which would have provided him with the proper skills and knowledge to avoid the collision that forms the basis of this lawsuit.  The Employer Defendants' negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and

Plaintiff's resulting injuries and damages.

**Negligence Per Se Against All Defendants**

27.     The Defendant Driver's acts and omissions constitute negligence per se as that term is defined under Texas law.  Specifically, his acts or omissions violated the following statutory duties:

    a. Duty to maintain a safe distance between two vehicles to assure he can stop without colliding into another vehicle.  Tex. Trans. Code 545.062;

    b. Duty to control speed as necessary to avoid colliding with another vehicle that is on the highway.  Tex. Trans. Code 545.351;

    c. Duty to not drive with willful or wanton disregard for the safety of persons or property.  Tex. Trans. Code 545.401;

    d. The duty to not use a hand-held mobile telephone.  49 CFR 392.82; and

    e. 49 CFR 392.2 ("Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated."

28.     Plaintiff is within the class of persons meant to be protected by these statutes, specifically, travelers on the roadway.  Defendants' violations of these statutes were the proximate cause of the collision and Plaintiff's injuries and damages.

29.     The Employer Defendants are responsible for the Driver Defendant's statutory violations under the theory of respondeat superior.

**Gross Negligence Against All Defendants**

30.     Defendants were grossly negligent and such conduct was a proximate cause of Plaintiff's injuries and damages.  Driving while looking at a cell phone particularly when the sun is on the horizon when viewed objectively from the standpoint of the Defendant Driver at the time of its

accident involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

31. Defendant knew that Texas criminal law rendered it unlawful to text while driving and federal regulations prohibited the use of a hand-held mobile telephone while driving a commercial vehicle.

32. The Defendant Driver had actual, subjective awareness of the risk involved in using a cell phone particularly with the lighting conditions that existed, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of those on the roadway.

33. The Employer Defendants are liable for the Defendant Driver's gross negligence under the theory of respondeat superior.  In addition, federal regulations confirm that no motor carrier shall allow or require its drivers to use a hand-held mobile telephone while driving a commercial vehicle.  The Employer Defendants allowed the Defendant Driver to utilize a cell phone while driving.  Indeed, they communicated with him while driving.

34. Defendants' grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct.  Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

## VII.
## DAMAGES

35. Because Plaintiffs' bodily injuries were proximately caused by Defendant's negligence, Plaintiffs are entitled to reasonable and proper compensation for the following damages:

   a. Physical pain, mental anguish, emotional distress, impairment, and disfigurement in the past and future;

   b. Medical expenses, in the past and future;

    c. Lost wages and loss of earning capacity, in the past and future; and

    d. Loss of household services, in the past and future.

## VII.
## JURY DEMAND

36. Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs request a trial by jury and would show that the appropriate fee is paid contemporaneously with this filing of this Petition.

## VIII.
## PRAYER

37. FOR THESE REASONS, Plaintiffs respectfully pray Defendants be cited to appear and answer herein, and that Plaintiff have judgment, jointly and severally against Defendants for the following:

    a. actual damages;

    b. punitive damages;

    c. costs of court;

    d. prejudgment and post-judgment interest at the highest rates allowed by law; and,

    e. any and all such other and further relief to which Plaintiff may be entitled, at law or in equity.

        Respectfully submitted,

        GORDON, ELIAS & SEELY, L.L.P.

        By: /s/ Jeff Seely
            Jeff Seely
            SBN 24033172
            jseely@geslawfirm.com
            1811 Bering Drive, Suite 300
            Houston, Texas 77057
            (713) 668-9999 Telephone
            (713) 668-1980 Facsimile
            E-Service: service@geslawfirm.com

        **ATTORNEYS FOR PLAINTIFF**